## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| SIERRA CLUB, | ) | |
| Petitioners, | ) | |
| | ) | No. 23-1031 |
| v. | ) | |
| | ) | |
| FEDERAL ENERGY REGULATORY | ) | |
| COMMISSION, | ) | |
| Respondent. | ) | |

## PETITION FOR REVIEW

Pursuant to Section 19(b) of the Natural Gas Act, 15 U.S.C. § 717r(b), Federal Rule of Appellate Procedure 15, and Circuit Rule 15, Sierra Club hereby petitions the United States Court of Appeals for the District of Columbia Circuit for review of the following order of the Federal Energy Regulatory Commission ("Commission"):

1. *Order Granting Extension of Time Request*, 181 FERC ¶ 61,023, FERC Docket No. CP17-470 (Oct. 13, 2022), available at https://elibrary.ferc.gov/eLibrary/filelist?accession_number=20221013-3088&optimized=false. This order is attached as Exhibit A.

Petitioner Sierra Club was granted intervention in this Commission Proceeding.

Petitioner timely filed a request for rehearing of the Order Granting Extension of Time Request on November 14, 2022, which FERC failed to respond to within 30 days. As such, petitioners' request for rehearing was deemed denied by operation of law, as FERC acknowledged in its Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration and attached as Exhibit B. Accordingly, this Court has jurisdiction to review the Order Granting Extension of Time Request, pursuant to 15 U.S.C. § 717r(b).

This petition for review is timely filed because FERC has not yet issued an order on the merits of the request for rehearing. *Env't Def. Fund v. FERC*, 2 F.4th 953, 972 (D.C. Cir. 2021), *cert. denied sub nom. Spire Missouri Inc. v. Env't Def. Fund*, 142 S. Ct. 1668 (2022). Moreover, this petition was filed within 60 days of the date the request for rehearing was deemed denied. 15 U.S.C. § 717r(b).

Dated: February 10, 2023

Respectfully Submitted,

**/s/ Thomas Gosselin**
Thomas Gosselin
Sierra Club
P.O. Box 4998
Austin, TX 78765
424-346-3276
tom.gosselin@sierraclub.org

Nathan Matthews
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
415-977-5695
nathan.matthews@sierraclub.org

*Attorneys for Sierra Club*

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

SIERRA CLUB,           )
         Petitioners,    )
                    )     No. _____
     v.               )
                    )
FEDERAL ENERGY REGULATORY )
COMMISSION,     )
         Respondent.   )
                    )

**PETITIONER'S RULE 26.1 STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Circuit Rule 26.1, Petitioner makes the following disclosures:

Sierra Club has no parent companies, and there are no publicly traded companies that have a 10 percent or greater ownership interest in Sierra Club.

Sierra Club, a corporation organized and existing under the laws of the State of California, is a nonprofit organization dedicated to the protection and enjoyment of the environment.

Dated:  February 10, 2023

Respectfully submitted,

**/s/ Thomas Gosselin**
Thomas Gosselin
Sierra Club
P.O. Box 4998
Austin, TX 78765
424-346-3276
[tom.gosselin@sierraclub.org](mailto:tom.gosselin@sierraclub.org)

*Attorney for Sierra Club*

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on February 10, 2023,

I caused a copy of the foregoing Petition for Review and Corporate

Disclosure Statement to be served by email on the following parties,

including all members of the service lists in FERC docket CP17-470

(other than petitioners here), as indicated by

https://elibrary.ferc.gov/eLibrary/filelist?accession_number=20221013-3088&optimized=false.

These documents were also filed in the official FERC docket,

publicly accessible through FERC's eLibrary system.

| Party | Contact to be Served |
|---|---|
| Freeport LNG Development, L.P.<br><br>and<br><br>FLNG Liquefaction 4, LLC | Lisa Tonery<br>Attorney<br>Orrick, Herrington & Sutcliffe, LLP<br>51 West 52nd Street<br>New York, New York 10019<br>United States<br>ltonery@orrick.com<br><br>Mariah Johnston<br>Orrick, Herrington & Sutcliffe, LLP<br>51 West 52nd Street<br>22nd Floor<br>New York, New York 10019<br>United States<br>mjohnston@orrick.com |

**/s/ Thomas Gosselin**
Thomas Gosselin
Sierra Club
P.O. Box 4998
Austin, TX 78765
424-346-3276
tom.gosselin@sierraclub.org

*Attorney for Sierra Club*

181 FERC ¶ 61,023
UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Before Commissioners:  Richard Glick, Chairman;
                        James P. Danly, Allison Clements,
                        Mark C. Christie, and Willie L. Phillips.

Freeport LNG Development, L.P.                    Docket No. CP17-470-002
FLNG Liquefaction 4, LLC

ORDER GRANTING EXTENSION OF TIME REQUEST

(Issued October 13, 2022)

1.      On May 16, 2022, Freeport LNG Development, L.P. and FLNG Liquefaction 4, LLC (together Freeport LNG), filed a motion requesting a 26-month extension of time,[1] until August 1, 2028, to complete the construction of and make available for service the Train 4 Project authorized in May 2019.[2]  For the reasons discussed below, the extension request is granted.

I.      **Background**

2.      On May 17, 2019, the Commission issued an order authorizing Freeport LNG to site, construct, and operate additional facilities for the liquefaction and export of domestically produced natural gas (Train 4 Project) at Freeport LNG's existing liquefied natural gas (LNG) terminal near the city of Freeport, in Brazoria County, Texas (Freeport LNG Terminal).[3]  The Authorization Order required Freeport LNG to complete construction of the Train 4 Project and make it available for service by May 17, 2023.

---

[1] Freeport LNG Development, L.P. May 16, 2022 Request for Extension of Time.

[2] *Freeport LNG Development, L.P.*, 167 FERC ¶ 61,155 (2019) (Authorization Order).

[3] *Id.* at 3-4.  The existing Freeport LNG Terminal includes three liquefaction trains for the export of up to 2.14 Bcf per day of LNG, equivalent to 15.49 million metric tons per annum (mtpa) of LNG, which are currently in service.  *Id.* at 3.  The Train 4 Project is an additional 5.1-mtpa liquefaction train expansion of the previously authorized Liquefaction Project, with an identical design to Freeport LNG's other three liquefaction trains.  *Id.* at 4.

On September 10, 2020, Commission staff issued a letter order granting Freeport LNG an extension of time, until May 17, 2026, to complete the Train 4 Project.[4]

3.      On May 16, 2022, Freeport LNG filed a request for a second extension of time for the Train 4 Project, until August 1, 2028.[5]  Freeport LNG notes that construction of the Train 4 Project has not yet commenced, and cites delays stemming from the replacement of its engineering, procurement, and construction contractor and the COVID-19 pandemic, including the pandemic's effects on the global supply-chain and the impacts on global LNG demand.[6]  Freeport LNG states that demand for LNG has rebounded, and it has been actively negotiating with potential off-take customers.[7]  Freeport LNG anticipates a minimum 48-56 month construction period, which makes it impossible for Freeport LNG to meet its current deadline of May 17, 2026.[8]

## II.     Notice, Intervention, and Protests

4.      Notice of Freeport LNG's Extension of Time Request was issued on May 23, 2022, and published in the *Federal Register* on May 27, 2022.[9]  The notice established June 7, 2022, as the deadline for filing interventions, comments, and protests.  Public Citizen filed a timely motion to intervene, and the Sierra Club filed a timely motion to

---

[4] *Freeport LNG Development, L.P. & FLNG Liquefaction 4, LLC*, Docket No. CP17-470-000 (Sept. 10, 2020) (delegated order) (Letter Order Granting Extension of Time).  Freeport LNG cited difficulties in completing long-term contracts with potential customers due to the impacts of the COVID-19 pandemic as a main reason for the extension request.  Freeport LNG Development, L.P. July 27, 2020 Request for Extension of time at 1-2.

[5] Freeport LNG Development, L.P. May 16, 2022 Request for Extension of Time at 1.

[6] *Id.*

[7] *Id.* at 1-2.

[8] *Id.* at 2.  FLNG explains that certainty regarding its ability to complete construction prior to the in-service deadline is essential to completing commercialization of the project, which is why FLNG is filing now, rather than closer to the expiration of its current authorization.  *Id.*  FLNG states that the unique nature of financing LNG projects and the upfront, long-term commercial commitments required of LNG off-takers necessitates advance certainty of the ability to timely complete construction.  *Id.*

[9] Notice of Request for Extension of Time, 87 Fed. Reg. 32,154 (May 27, 2022).

Document Accession #: 20221013-3088      Filed Date: 10/13/2022

intervene and protest.  Timely, unopposed motions to intervene are granted by operation of Rule 214 of the Commission's Rules of Practice and Procedure.[10]

5.      Sierra Club opposes granting the extension of time, arguing:  (1) Freeport LNG has not demonstrated good cause for an extension; and (2) the Commission must revisit its environmental findings and supplement its NEPA analysis.  In arguing for a reopening of the Commission's environmental analysis, Sierra Club encourages the Commission to reconsider its prior finding that the project is not inconsistent with the public interest due to changed circumstances in the global energy market.

6.      On June 22, 2022, Freeport LNG filed an answer to Sierra Club's protest.[11] Freeport LNG states that it has demonstrated good cause and the Commission should not reconsider its public interest or environmental findings.  Pursuant to Rule 213(a)(2) of the Commission's Rules of Practice and Procedure,[12] answers to protests are prohibited unless otherwise ordered by the decisional authority.  We accept the company's answer as it provides information that will assist us in our decision-making process.

## III.     **Discussion**

7.      The completion date specified in a certificate or authorization order provides what the Commission believes—based on the applicant's initial project schedule and the Commission's assessment of circumstances relevant to the specific project—to be a reasonable period of time for the project sponsor to complete construction and make the project available for service.[13]  However, construction deadlines may be extended for good cause.[14]  Good cause can be shown by a project sponsor demonstrating that it made

---

[10] 18 C.F.R. § 385.214 (2021).

[11] Freeport LNG Development, L.P., June 22, 2022 Answer.

[12] 18 C.F.R. § 385.213(a)(2) (2021); *see also Algonquin Gas Transmission, LLC*, 170 FERC ¶ 61,144, at P 39 (2020) (barring both reply comments and answers in extension of time proceedings).

[13] *Constitution Pipeline Co., LLC*, 165 FERC ¶ 61,081, at P 9 (2018) (citing *Arlington Storage Co., LLC*, 155 FERC ¶ 61,165, at P 8 (2016)).

[14] 18 C.F.R. § 385.2008(a) (2021) (allowing the relevant decisional authority to extend for good cause the time by which any person is required or allowed to act under any statute rule or order).

Document Accession #: 20221013-3088          Filed Date: 10/13/2022

good faith efforts to meet its deadline but encountered circumstances that prevented it from doing so.[15]

### A.    Good Cause for Granting an Extension of Time

8.     Sierra Club argues Freeport LNG failed to demonstrate good cause for granting an extension of time.[16]  Sierra Club argues that Freeport LNG's present situation is dissimilar to prior instances when the Commission granted extensions of time to companies who were prevented from meeting deadlines due to the failure to obtain essential permits.[17]  It states that Freeport LNG's failure to promptly replace its engineering, procurement, and construction contractor should convince the Commission that Freeport LNG has not demonstrated good cause.[18]  Sierra Club also notes that the change in market conditions that made it difficult for Freeport LNG to enter into long term offtake contracts did not affect Freeport LNG's ability to construct, but rather only affected the wisdom of proceeding.[19]  Sierra Club argues that Freeport LNG's response to market conditions is tantamount to sitting on the authorization and waiting for conditions to improve, analogous to the situation in *Chestnut Ridge Storage*.[20]  Finally, Sierra Club argues that Freeport LNG has not sufficiently demonstrated how the COVID-19 pandemic has impacted its ability to meet the prior deadline.[21]

9.     Freeport LNG states that the COVID-19 pandemic has created persistent effects on global supply chains and the financing of large-scale infrastructure projects.[22]  Further, Freeport LNG states the COVID-19 pandemic's impact on demand made it difficult to

---

[15] *See, e.g.*, *Adelphia Gateway, LLC*, 178 FERC ¶ 61,030, at P 15 (2022).

[16] Sierra Club June 7, 2022 Motion to Intervene and Comments at 4.

[17] *Id.* at 4-5.

[18] *Id.* at 5.

[19] *Id.* at 6.

[20] *Id.* (citing *Chestnut Ridge Storage, LLC*, 139 FERC ¶ 61,149, at P 13 (2012)) Sierra Club argues that Commission should follow *Chestnut Ridge Storage* and decline to find good cause for an extension when an applicant could take steps to proceed but chooses not to do so because of market conditions.  *Id.*

[21] *Id.* at 7.

[22] Freeport LNG Development, L.P. May 16, 2022 Request for Extension of Time at 1.

secure long-term LNG commitments.[23]   However, Freeport LNG states that while the pandemic's impact on supply chains remains, the pandemic's impact on the global LNG market has waned and Freeport LNG is currently in negotiations with several potential offtake customers.[24]   Freeport LNG explains that it has obtained and is maintaining all required permits.  Freeport LNG also states that although it had executed an engineering, procurement, and construction contract with KBR, Inc., after conducting a year-long competitive bidding and bid evaluation process, it is now in the process of selecting a new engineering, procurement, and construction contractor due to KBR's decision to exit the LNG business.[25]

10.     In its answer, Freeport LNG reiterates that it has made diligent efforts to meet its in-service deadline by actively marketing the project's capacity and faced unprecedented effects from the COVID-19 pandemic that significantly impacted all sectors of the global economy.[26]   Freeport LNG emphasizes that the LNG market is stabilizing and that its situation is readily distinguishable from the circumstances in *Chestnut Ridge* where the Commission declined to grant an extension because it has been actively pursuing project development.[27]   Freeport LNG also highlights the challenges of replacing an engineering, procurement, and construction contractor in normal times, without regard to the logistical hurdles posed by the uncertainty of the then-nascent COVID-19 pandemic.[28]

11.     As stated above, the Commission will find good cause exists for an extension of time where the certificate holder makes a good faith effort to complete authorized actions within the time allotted but encountered circumstances that prevent it from doing so.  The Commission has previously found good cause exists for an extension of time where an authorization holder requested more time to secure contracts with potential customers, in

---

[23] *Id.*

[24] *Id.* at 1-2.

[25] *Id.* at 2-3.

[26] Freeport LNG Development, L.P., June 22, 2022 Answer at 4-5.

[27] *Id.* at 6.

[28] *Id.* at 6-7.

particular where the COVID pandemic causes market disruptions.[29]  We consider
extension requests on a case-by-case basis.[30]

12.     We find that good cause exists for an extension and that Freeport LNG has made
a good faith effort at meeting the deadline in its authorization.  The Commission order
authorizing Freeport LNG to construct and operate its LNG Terminal issued in May
2019, less than a year before the global COVID pandemic.  Given the unforeseeable
difficulties associated with the COVID pandemic, which as Freeport LNG explains
caused major disruptions due to global lock-downs and logistical hurdles,[31] we disagree
with Sierra Club's assertion that Freeport LNG's failure, to date, to have replaced its
engineering, procurement, and construction contractor and commence construction of its
project is evidence that Freeport LNG has not taken "all reasonable, good-faith efforts to
meet its deadlines."[32]  Unlike the applicant in *Chestnut Ridge Storage*, Freeport LNG is
not "sitting on its approval while waiting to see whether market conditions become
favorable."[33]  Instead, during the time since it received its authorization, Freeport LNG
has, among other things, maintained its permits for the project, actively pursued
commercial agreements, and is actively pursuing a new engineering, procurement, and

---

[29] *See, e.g.*, *Trunkline Gas Co., LLC*, 179 FERC ¶ 61,086, at P 21 (2022) (finding
good cause for a three-year extension of time where companies faced difficulties due to
the COVID-19 pandemic yet demonstrated a continued commitment to the project);
*Corpus Christi LNG Stage III, LLC*, 179 FERC ¶ 61,087, at P 13 (2022) (finding good
cause for a 31-month extension of time where companies cited unforeseeable impacts
of the COVID-19 pandemic as reason for an extension); *Delfin LNG LLC*, 178 FERC
¶ 61,031, at PP 21-23 (2022) (granting an extension of time to construct the onshore
portions of a non-jurisdictional LNG export terminal in light of the applicant's continued
efforts to negotiate and secure long-term contracts with prospective customers).

[30] *Transcontinental Gas Pipe Line Co., LLC*, 175 FERC ¶ 61,148 at P 8.

[31] Freeport LNG Development, L.P. May 16, 2022 Request for Extension of Time
at 2-3.

[32] Sierra Club June 7, 2022 Motion to Intervene and Comments at 5-6 (citing
*Chestnut Ridge Storage*, 139 FERC ¶ 61,149, at P 13 (2012)).  In *Chestnut Ridge*, the
Commission denied an extension request because the company made no attempt to
dispute that the certificated storage project was not financially viable.  *Chestnut Ridge
Storage LLC*, 139 FERC ¶ 61,149 at PP 11, 25.

construction contractor (after the unanticipated withdrawal of its previous contractor), all of which we find evidence continued commitment to proceeding with the project.[34]

## B. **The Authorization Order's Environmental Analysis Remains Valid**

13.    Sierra Club argues that the decision to grant an extension of time is a major Federal action with the potential to significantly affect the environment and the Commission must therefore revisit its environmental review under the National Environmental Policy Act (NEPA).[35]  Sierra Club also argues, in the alternative, that the Commission must supplement its NEPA review in light of changed circumstances, specifically, the listing of the Rice's whale under the Endangered Species Act (ESA).[36]  Sierra Club also notes that the Commission's Authorization Order did not consider Freeport LNG's publicly announced plans to develop a carbon capture and sequestration project, which calls into question whether the Commission properly considered whether a project without such measures is in the public interest.[37]

14.    We do not agree that granting an extension of time is a major Federal action requiring additional review under NEPA.  NEPA requires a supplemental EIS when a major Federal action remains to occur and the agency makes substantial changes to the proposed action that are relevant to environmental concerns or there are significant new circumstances or information relevant to environmental concerns and bearing on the proposed action or its impacts.[38]  Approval of a request for extension of time is an administrative action and is not a major Federal action significantly affecting the quality of the human environment.[39]  Granting an extension of time to complete an approved

---

[34] *See, e.g. Trunkline Gas Co., LLC*, 179 FERC ¶ 61,086 at P 21 (finding good cause for a three-year extension of time where companies faced difficulties due to the COVID-19 pandemic yet demonstrated a commitment to the project); *Corpus Christi LNG Stage III, LLC*, 179 FERC ¶ 61,087 at P 13 (finding good cause for a 31-month extension of time where companies cited unforeseeable impacts of the COVID-19 pandemic as reason for an extension).

[35] Sierra Club June 7, 2022 Motion to Intervene and Comments at 7.

[36] *Id.* at 8.

[37] *Id.* at 9.

[38] 40 C.F.R. § 1502.9(d)(1) (2021).

[39] *See, e.g.*, *Trunkline Gas Co., LLC*, 179 FERC ¶ 61,086 at PP 16-17; *Adelphia Gateway LLC*, 178 FERC ¶ 61,030 at P 23; *see also Eagle Crest Energy Co.*, 168 FERC ¶ 61,186, at P 22 (2019) (holding that an extension of time to comply with a license requirement to commence and complete construction by a certain date, that involves no

Docket No. CP17-470-002                                           - 8 -

action constitutes neither a substantial change nor a new approval of the specific proposed project in question.[40]  Moreover, there has been no showing that the environmental effects of the project have changed since the issuance of the Authorization Order.[41]  Nor is this the appropriate proceeding to consider the impacts of any potential carbon capture and sequestration project.

15.     We agree that the information regarding newly listed threatened and endangered species requires consideration and that the ESA regulations[42] require a determination whether the project may have impacts on the newly listed species.[43]  Specifically, if a new species is listed after the Commission's issuance of a certificate and before the completion of project construction, Commission staff will determine whether the project may affect the species.  If the project will not affect the species, the Commission has no further ESA obligation. If the Commission determines that the project "may affect" the species,[44] then the Commission must consult with the National Marine Fisheries Service or the U.S. Fish and Wildlife Service, as appropriate.

16.     However, the potential need to re-initiate consultation on newly listed species does not in and of itself render the environmental analysis stale or trigger the need for

---

construction or changes to the project development, is an administrative action appropriately categorically excluded from further NEPA review), *aff'd sub nom. Nat'l Parks Conservation Ass'n v. FERC*, 6 F.4th 1044 (9th Cir. 2021); *see also ANR Pipeline Co.*, 98 FERC ¶ 61,067, at 61,179 (2002) (acting on request for an extension of time is a matter of administrative discretion).

[40] *See Eagle Crest Energy Co.*, 168 FERC ¶ 61,186 at P 22.  *Cf.* 40 C.F.R. § 1508.1(q) (2021) (defining major Federal actions).

[41] *See* 40 C.F.R. § 1502.9(d)(1) (stating that agencies "[s]hall prepare supplements to either draft or final environmental impact statements if a major Federal action remains to occur, and:  (i) [t]he agency makes substantial changes to the proposed action that are relevant to environmental concerns; or (ii) [t]here are significant new circumstances or information relevant to environmental concerns and bearing on the proposed action or its impacts.").

[42] *Endangered and Threatened Wildlife and Plans; Regulations for Interagency Cooperation*, 84 Fed. Reg. 44,976 (Aug. 27, 2019).

[43] *Id.*

[44] 50 C.F.R. § 402.02 (2021) (defining "effects of the action").

a supplemental environmental impact statement (EIS).[45]  A determination as to whether additional NEPA analysis is needed cannot be made prior to determining whether further ESA consultation is required and obtaining the results of any such consultation.[46]  Neither of those determinations is germane to our action here.  We note that, should it become necessary based on ESA consultation with the Services, the Commission will determine whether it should, consistent with 40 C.F.R. § 1502.9(d)(1), supplement its environmental review under NEPA prior to authorizing the companies to commence construction of the Train 4 Project.

17.     Because we find that Freeport LNG Development, L.P. and FLNG Liquefaction 4, LLC have demonstrated good cause for the delay and that the Authorization Order's environmental findings remain valid, we will grant the request for a 26-month extension to complete the construction of the project.

18.     The Commission on its own motion received and made a part of the record in this proceeding all evidence, including the motion and exhibits thereto, and upon consideration of the record,

The Commission orders:

        Freeport LNG Development, L.P. and FLNG Liquefaction 4, LLC are granted a 26-month extension of time, to August 1, 2028, to construct and make available for service the Train 4 Project facilities authorized in CP17-470-000.

By the Commission.  Commissioner Danly is concurring with a separate statement
                    attached.

( S E A L )

                                Debbie-Anne A. Reese,
                                Deputy Secretary.

---

        [45] *See, e.g.*, *Trunkline Gas Co., LLC*, 179 FERC ¶ 61,086 at P 14 (noting that the continued obligations under the ESA do not automatically trigger a need to supplement the NEPA document); *Mountain Valley Pipeline, LLC*, 173 FERC ¶ 61,027, at P 41 (2020) (discussing the effect of continued consultation under section 7 of the ESA and noting that consultation is separate from the processes established under NEPA).

        [46] If additional ESA consultation results in proposed new measures with impacts not previously studied or if an amendment is necessary to incorporate new measures, the Commission will determine whether, consistent with the Council on Environmental Quality's regulations, it should supplement its environmental review.

Document Accession #: 20221013-3088    Filed Date: 10/13/2022

UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Freeport LNG Development, L.P.                    Docket No. CP17-470-002
FLNG Liquefaction 4, LLC


(Issued October 13, 2022)


DANLY, Commissioner, *concurring*:


1.      I concur in the Commission's decision[1] to grant the request filed by Freeport LNG Development, L.P. and FLNG Liquefaction 4, LLC (together, Freeport LNG) for a 26-month extension of time,[2] until August 1, 2028, to complete the construction of and make available for service the Train 4 Project authorized in May 2019.[3]

2.      I write separately to highlight one point.  Our inquiry when reviewing a request for extension of time is narrow—it is not an opportunity to revisit the determinations made in Natural Gas Act authorizations after orders have become final and unappealable.[4]  There is thus no question of whether the public interest determination made in the Authorization Order remains valid.  Instead, it is a question of whether there is good cause to grant the

---

[1] *See Freeport LNG Dev., L.P.*, 181 FERC ¶ 61,023 (2022).

[2] *See* Freeport LNG May 16, 2022 Request for Extension of Time.

[3] *Freeport LNG Dev., L.P.*, 167 FERC ¶ 61,155 (2019) (Authorization Order).

[4] *See Corpus Christi Liquefaction Stage III, LLC*, 179 FERC ¶ 61,087, at P 15 (2022) ("extension of time proceedings are not an invitation to re-open the dockets") (citations omitted); *see also Nat'l Fuel Gas Supply Corp.*, 179 FERC ¶ 61,226, at P 20 (2022) ("Rule 716 does not provide the Commission with additional authority to reopen the record underlying the Certificate Order here, where a final, non-appealable order has issued.") (citations omitted); *id.* (Danly, Comm'r, concurring at P 5) ("Circumstances, no matter how extraordinary, cannot themselves grant jurisdiction where Congress has conferred no power.  In the absence of authority provided by Congress, the Commission simply cannot revisit its public convenience and necessity determinations once a certificate order becomes final and unappealable.").

Document Accession #: 20221013-3088      Filed Date: 10/13/2022

extension of time, and Freeport LNG has indeed demonstrated good cause for the requested extension.


      For these reasons, I respectfully concur.


_____

James P. Danly
Commissioner

Document Accession #: 20221013-3088    Filed Date: 10/13/2022

Document Content(s)

CP17-470-002.docx.......................................................1

Document Accession #: 20221215-3043     Filed Date: 12/15/2022

181 FERC ¶ 62,176
UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Freeport LNG Development, L.P.                          Docket No.  CP17-470-003
FLNG Liquefaction 4, LLC

NOTICE OF DENIAL OF REHEARING BY OPERATION OF LAW AND
PROVIDING FOR FURTHER CONSIDERATION

(December 15, 2022)

Rehearing has been timely requested of the Commission's order issued on
October 13, 2022, in this proceeding.  *Freeport LNG Dev.*, *L.P. & FLNG Liquefaction 4*,
*LLC*, 181 FERC ¶ 61,023 (2022).  In the absence of Commission action on a request
for rehearing within 30 days from the date it is filed, the request for rehearing may be
deemed to have been denied.  15 U.S.C. § 717r(a); 18 C.F.R. § 385.713 (2021);
*Allegheny Def. Project v. FERC*, 964 F.3d 1 (D.C. Cir. 2020) (en banc).

As provided in 15 U.S.C. § 717r(a), the request for rehearing of the above-cited
order filed in this proceeding will be addressed in a future order to be issued consistent
with the requirements of such section.  As also provided in 15 U.S.C. § 717r(a), the
Commission may modify or set aside its above-cited order, in whole or in part, in such
manner as it shall deem proper.

Debbie-Anne A. Reese,
Deputy Secretary.

Document Content(s)

CP17-470-003.docx.......................................................1